IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| ISIDRO GONZALEZ MORENO, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 4:12-CV-231-CDL-MSH |
| | : | 28 U.S.C. § 2241 |
| ERIC HOLDER, JANET | : | |
| NAPOLITANO, FELICIA SKINNER, | : | |
| and MICHAEL SWINTON, | : | |
| | : | |
| Respondents. | : | |

## RECOMMENDATION OF DISMISSAL AND ORDER

Presently pending before the Court is Respondents' Motion to Dismiss, filed on November 16, 2012. (ECF No. 13.) Along with the motion to dismiss, Respondents filed a copy of the Warrant of Removal/Deportation (Mot. to Dismiss Ex. A, ECF No. 13-1) showing that Petitioner was removed to his native country of Mexico on November 2, 2012. Because of Petitioner's removal, Respondents now contend that Petitioner's pending § 2241 petition is moot and should be dismissed as such. (Mot. to Dismiss 2-3, ECF No. 13.) The Court finds that this case has not been mooted by Petitioner's deportation, but does recommend dismissal of this case because it is without jurisdiction to review Petitioner's application for habeas relief.

### I.   Motion to Dismiss

The Eleventh Circuit has held that "a case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Al Najjar*

*v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (internal quotation marks and citation omitted). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.* at 1336. Where a habeas petitioner who was protesting his detention is no longer in custody, the dispute with regard to his detention is mooted. *See Spencer v. Kemna,* 523 U.S. 1, 7-8 (1998) (discussing "in custody" requirement of habeas statute 28 U.S.C. § 2254).

In this case, however, Petitioner's application for habeas relief pursuant to 28 U.S.C. § 2241 did not challenge his detention pending removal, but rather, was challenging the removal order itself. (Pet. for Writ of Habeas Corpus 4-8, ECF No. 1.) Petitioner, who has now been deported, is continuing to argue that his removal was illegal. Because Petitioner's deportation did not deprive the court system "of the ability to give the plaintiff or appellant meaningful relief," Petitioner's case is not moot. Thus, it is recommended that Respondents' motion to dismiss be DENIED.

## II.    Subject Matter Jurisdiction

Because the Court has the authority to dismiss at any time,[1] it is further RECOMMENDED that Petitioner's case be dismissed for lack of jurisdiction. Specifically, the REAL ID Act, 8 U.S.C. § 1252, divests this court of jurisdiction to hear any challenge to a final order of removal. The REAL ID Act states:

Notwithstanding any other provision of law (statutory or nonstatutory),

---

[1] Fed.Rule Civ.Proc. Rule 12 provides in part that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.Rule Civ.Proc. 12(h)(3).

>including section 2241 of Title 28, or any other habeas corpus provision . . . , a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter[.]

8 U.S.C. § 1252(a)(5).  This is a clear statement of congressional intent to limit habeas jurisdiction in certain circumstances.  *See Sundar v. INS*, 328 F.3d 1320, 1324 (11th Cir. 2003) (explaining that habeas review may only be limited where there is a clear statement by Congress); *Mata v. Sec'y of Dep't of Homeland Sec.*, 426 F. App'x 698, 699-700 (11th Cir. 2011) ("[A]n order of removal maybe reviewed only by a court of appeals after the filing of a petition for review.").  Here, because there is a final order of removal and because Petitioner is contesting factual determinations made concerning that final order of removal, this Court lacks jurisdiction under the REAL ID Act to hear Petitioner's claim.  Thus, because Petitioner is directly challenging his final order of removal through his application for habeas relief, it is recommended that Petitioner's case be dismissed for a lack of jurisdiction.

### III.   Pending Motion

Also pending before the Court is a second Motion for Appointment of Counsel filed by Petitioner on December 6, 2012 (ECF No. 18), after he was deported.  Because Petitioner has already been denied appointment of counsel, and because the Court does not have jurisdiction to review his claims, Petitioner's request that this Court appoint him counsel is DENIED.

WHEREFORE, IT IS RECOMMENDED that Respondents' Motion to Dismiss be DENIED, but that Petitioner's Application for writ of habeas corpus be DISMISSED for

lack of jurisdiction.  It is also ORDERED that Petitioner's motion for appointment of counsel be DENIED.  Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED and ORDERED, this 7th day of January, 2013.

                                                S/Stephen Hyles
                                                UNITED STATES MAGISTRATE JUDGE